WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Room 1006
New York, New York 10014
Telephone: (212) 510-0500
By: Greg M. Zipes
Trial Attorney

**HEARING DATE: May 6, 2019**
**HEARING TIME: 2:00 pm**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                              :     Case No. 18-14092 (MG)
                                                                        :
GISELE BOUILLETTE ALLARD,              :     (Chapter 11)
                                                                        :
        Debtor.                                          :
                                                                        :
----------------------------------------------------------x

     PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Greg M. Zipes, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Martin Glenn, Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on **May 6, 2019 at 2:00 p.m.**, or as soon thereafter as counsel can be heard, for an order converting the case to one under Chapter 7 of the Bankruptcy Code or dismissing the Chapter 11 case, and for such other and further relief as this Court may deem just and proper.

     PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 201 Varick Street, Room 1006, New York, New York 10014, to the attention of Greg M. Zipes, Esq., no later than three (3) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the

response, and the basis for such response.

Dated: New York, New York
April 12, 2019

                                                    WILLIAM K. HARRINGTON
                                                    UNITED STATES TRUSTEE

*By:*    /s/ *Greg M. Zipes*
          Greg M. Zipes
          Trial Attorney
          201 Varick Street, Room 1006
          New York, New York 10014
          Tel. No. (212) 510-0500
          Fax. No. (212) 668-2255

To:

Steven Amshen, Esq.
Petroff & Amshen
1795 Coney Island Avenue, 3rd Floor
Brooklyn, New York 11230

WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Room 1006
New York, New York 10014
Telephone: (212) 510-0500
By: Greg M. Zipes
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                    :    Case No. 18-14092 (MG)
                                                                         :
                                                                         :    (Chapter 11)
GISELE BOULLITTE ALLARD,                           :
                                                                         :
                     Debtor.           :
                                                                         :
-----------------------------------------------------------x

# MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
# IN SUPPORT OF MOTION FOR AN ORDER TO CONVERT THIS CASE TO CASE
# UNDER CHAPTER 7 OF THE BANKRUPTCY CODE OR
# DISMISS THIS CHAPTER 11 CASE

TO:    THE HONORABLE MARTIN GLENN,
          UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "Motion") of William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), for an order converting the case of Gisele Bouillitte Allard (the "Debtor") to one under Chapter 7 of the Bankruptcy Code or dismissing the Chapter 11 case.

## INTRODUCTION

The Debtor has failed to demonstrate she can be a fiduciary for her creditors in this case. The Debtor owns four brownstones and other properties, all of which have enormous value. Her schedules show that her assets exceed her debts by millions of dollars. In spite of this, she has failed to abide by her fiduciary duties in that: (a) she has failed to file monthly operating reports; (b) she has failed to defend a motion to vacate the automatic stay on property she deemed crucial

to her reorganization; and (c) she has not retained an accountant even though she has promised to do so and even though she has not filed tax returns since 2012.

The Court should convert this case to one under Chapter 7 of the Bankruptcy Code. The Debtor's post-petition conduct constitutes gross mismanagement of the estate, an enumerated basis for conversion or dismissal of the case. The Debtor's own schedules, signed under the penalties of perjury, show that a liquidation of even some of the assets would result in a full repayment of creditor claims. Accordingly, the case should be converted to a Chapter 7 case so that a trustee can marshal all assets, comply with bankruptcy obligations, and make distributions under the Bankruptcy Code. Alternatively, the Court should dismiss the case.

## **FACTS**

**General Background**

1. The Debtor filed a voluntary petition (the "Petition") for Chapter 11 relief on December 12, 2018 (the "Filing Date").

2. On January 21, 2019, the Debtor filed Schedules A/B, C, D, E/F, G, H, I (the "Schedules"), a summary of assets and liabilities, statement of financial affairs and attorney fee disclosure statement. See Zipes Decl., Ex. A.

3. The Debtor listed total assets of $11,475,210.22 and total liabilities of $5,567,474.91. See Zipes Decl., Ex. A (Schedules).

4. The majority of debts attach to one piece of property, at 50 East 126th Street, New York, New York (the "126th Street Property"). For that property, the Debtor listed a secured debt of $5,255,638.91. The Debtor listed this property as having a value of $1.4 million. Id. (Schedule D).

5. The Debtor also has a smaller lien of $311,836 on property she owns in Miami

Florida (the "Miami Property"). She listed the Miami Property as having a value of $880,822. Id. (Schedule D).

6. In total, the Debtor indirectly owns five properties. In addition to the 126th Street Property and the Miami Property, the Debtor owns the following:

1. 32 West 120th Street, New York, New York (the "120th Street Property") which she lists as having a value of $2,824,500 and no lien.

2. 239 Lenox Avenue, New York, New York (the "Lenox Property") which she lists as having a value of $3,000,000 and no lien.

3. 134 West 119th Street, New York, New York (the "119th Street Property") with a value of $2,992,138 and no lien.

Id. (Schedules A/B, Question 19).

7. According to the Debtor, the Debtor filed to "avoid the foreclosure sale of the [126th Street] Property, which would have resulted in a significant loss to the Debtor. During the course of this Chapter 11 bankruptcy, the Debtor intends to negotiate a settlement of the loan with the secured creditor or other options as may be proposed by the secured creditor." See Zipes Decl., Ex. B (Local Rule Affidavit) at ¶ 6.

**Motion to Vacate**

8. On February 25, 2019, 50 East 126th Street Realty, LLC (the "Mortgagee") filed a motion to vacate the stay in connection with the 126 Street Property (the "Motion to Vacate"). ECF No. 18. See Zipes Decl., Ex. C (Motion to Vacate).

9. As recited in the Motion to Vacate, on September 14, 2018, the Supreme Court of the State of New York gave the Mortgagee a judgment in the sum of $5,255,381.91 (Exhibit 9). Id. at ¶ 18. The foreclosure sale was scheduled for December 19, 2018. Id. at ¶ 29.

10. On March 19, 2019, the Court granted the Motion vacating the automatic stay under section 362(a) of the Bankruptcy Code as to the Current Mortgagee's interests in the 126 Street Property. The Debtor interposed no written response to the Motion to Vacate. See Zipes Decl., Ex. D.

**The 341 Meeting**

11. On or about February 28, 2019, the United States Trustee conducted a meeting of creditors under 11 U.S.C. § 341 (the "Creditors' Meeting"). At the Creditors' Meeting, the Debtor identified three of her properties as being completely vacant, with no effort to rehabilitate the properties or to find tenants:

1. The 120th Street Property which she lists as having a value of $2,824,500 and no lien. Tr. at 48.
2. The Lenox Property which she lists as having a value of $3,000,000 and no lien. Tr. 13.
3. The 119th Street Property with a value of $2,992,138 and no lien. Tr. at 15-16.

See Zipes Decl., Ex. E (Transcript of Creditors' Meeting).

**Debtor's Failure to Abide by her Fiduciary Duties**

12. The Debtor has not filed any operating reports in this case. The Debtor owes monthly operating reports for January 2019, February 2019 and March 2019. See Zipes Decl. at ¶ 12.

13. The Debtor did not file a response to the Motion to Vacate which was granted by order entered on March 19, 2019 (ECF Doc. 22). See Zipes Decl. at ¶ 14.

14. The Debtor has not retained an accountant. See Zipes Decl. at ¶ 15.

15. The Debtor has not paid United States Trustee's quarterly fees for the first quarter of 2019. See Zipes Decl. at ¶ 16, Ex. F (FICS Quarterly Fee Statement).

16. On February 27, 2019, the United States Trustee's office sent an email to the Debtor, by counsel, summarizing United States Trustee requests for information (the "Abriano Email"). The Debtor has provided insurance, but has otherwise not responded to the Abriano Email, which included requests for tax returns and the disposition of certain funds in accounts that are not in authorized United States Trustee depositories (the "Abriano Email"). See Zipes Decl. at ¶ 16, Ex. G.

## ARGUMENT

### A. Conversion or Dismissal Is Appropriate Under 11 U.S.C. § 1112(b)(4)(B)

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] . . ., whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Here, cause exists under the following provision: "(B) gross mismanagement of the estate; . . ." See 11 U.S.C. § 1112(b)(4)(B).

Gross mismanagement is an enumerated cause for conversion or dismissal of a Chapter 11 proceeding under § 1112(b)(4)(B). Gateway Access Solutions, Inc., 374 B.R. 556, 566 (Bankr. M.D. Pa. 2007). Improper post-petition conduct, such a failure of a debtor to properly report income and expenses, constitutes evidence of "gross mismanagement." In re Halal 4 U LLC, 2010 WL 3810860, *4 (Bankr. S.D.N.Y. 2010).

5

Here, the gross mismanagement is manifold and manifest. First, the Debtor has failed to comply with its basic fiduciary to accurately report its financial affairs. The Debtor has filed no monthly operating reports, even though this case filed in December 2019. See Zipes Decl. at ¶ 12. Second, the Debtor stated in her Local Rule 1007 affidavit that the purpose of this bankruptcy filing was to avoid foreclosure of the 126th Street Property by negotiating a settlement with the secured creditor. See Zipes Decl., Ex. B (Local Rule Affidavit) at ¶ 6. The Debtor, however, did not even file a response to the Motion to Vacate and the Motion to Vacate was granted. See Zipes Decl. at ¶ 14. Third, the Debtor has not filed taxes since 2012 and she has yet to retain an accountant to assist her, even though she stated she would do so. See Zipes Decl. at ¶ 15. Fourth, the Debtor is delinquent in her payment of United States Trustee Quarterly fees for the first quarter of 2019, in the estimated amount of $325.00. See Zipes Decl. at ¶ 15. Fifth, the Debtor did not respond to the Abriano Email, except that the Debtor did provide insurance. See Zipes Decl. at ¶ 17; Ex. G.

All of these problems establish cause for conversion of the case to one under Chapter 7 of the Bankruptcy Code or dismissal due to the Debtor's gross mismanagement of the estate. Accepting the Debtor's Schedules as true, the Debtor has significant assets from which to pay creditors. See Zipes Decl., Ex. A. The United States Trustee therefore recommends conversion of the case to one under Chapter 7 of the Bankruptcy Code.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this Chapter 11 case to a Chapter 7 case or, in the alternative, dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b) and granting such other and further relief as

may be deemed just and proper.

Dated: New York, New York
April 12, 2019

                                               Respectfully submitted,

                                               WILLIAM K. HARRINGTON
                                               UNITED STATES TRUSTEE

*By:*    */s/ Greg M. Zipes*
         Greg M. Zipes
         Trial Attorney