WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Room 1006
New York, New York 10014
Telephone: (212) 510-0500
By: Greg M. Zipes
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :
In re:                                                   :    Case No. 18-14092 (MG)
                                                         :
GISELE BOUILLETTE ALLARD,                                :    (Chapter 11)
                                                         :
                                        Debtor.          :
                                                         :
-------------------------------------------------------- x

## DECLARATION OF GREG M. ZIPES

Pursuant to 28 U.S.C. § 1746, Greg M. Zipes declares as follows:

I am an attorney in the Office of the United States Trustee for Region 2 (the "United States Trustee"). I am assigned to this matter by my office and as such, have knowledge and information about this Chapter 11 bankruptcy case. I submit this Declaration in support of motion of the United States Trustee for an order converting the case of Gisele Boulillette Allard (the "Debtor") to one under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing the case.

1. The Debtor filed a voluntary petition (the "Petition") for Chapter 11 relief on December 12, 2018 (the "Filing Date").

2. On January 21, 2019, the Debtor filed Schedules A/B, C, D, E/F, G, H, I (the "Schedules"), a summary of assets and liabilities, statement of financial affairs and attorney fee disclosure statement. A true and correct copy of the Schedules are attached herein as **Exhibit A**.

3. The Debtor listed total assets of $11,475,210.22 and total liabilities of $5,567,474.91.

4. The majority of debts attach to one piece of property, at 50 East 126th Street, New York, New York (the "126th Street Property"). For that property, the Debtor listed a secured debt of $5,255,638.91. The Debtor listed this property as having a value of $1.4 million. (Schedule D).

5. The Debtor also has a smaller lien of $311,836 on property she owns in Miami Florida (the "Miami Property"). She listed the Miami Property as having a value of $880,822. (Schedule D).

6. In total, the Debtor indirectly owns five properties. In addition to the 126th Street Property and the Miami Property, the Debtor owns the following:

1. 32 West 120th Street, New York, New York (the "120th Street Property") which she lists as having a value of $2,824,500 and no lien.

2. 239 Lenox Avenue, New York, New York (the "Lenox Property") which she lists as having a value of $3,000,000 and no lien.

3. 134 West 119th Street, New York, New York (the "119th Street Property") with a value of $2,992,138 and no lien.

(Schedules A/B, Question 19).

7. According to the Debtor, the Debtor filed to "avoid the foreclosure sale of the [126th Street] Property, which would have resulted in a significant loss to the Debtor. During the course of this Chapter 11 bankruptcy, the Debtor intends to negotiate a settlement of the loan with the secured creditor or other options as may be proposed by the secured creditor." See Local Rule Affidavit at ¶ 6. A true and correct copy of the Local Rule Affidavit is attached herein as **Exhibit B.**

8.  On February 25, 2019, 50 East 126th Street Realty, LLC (the "Mortgagee") filed a motion to vacate the stay in connection with the 126 Street Property (the "Motion to Vacate"). ECF No. 18. A true and correct copy of the Motion to Vacate is attached herein as **Exhibit C.**

9.  As recited in the Motion to Vacate, on September 14, 2018, the Supreme Court of the State of New York gave the Mortgagee a judgment in the sum of $5,255,381.91 (Exhibit 9). Id. at ¶ 18. The foreclosure sale was scheduled for December 19, 2018. Id. at ¶ 29.

10. On March 19, 2019, the Court granted the Motion vacating the automatic stay under section 362(a) of the Bankruptcy Code as to the Current Mortgagee's interests in the 126 Street Property. A true and correct copy of the order granting the Motion to Vacate is attached herein as **Exhibit D.**

11. On or about February 28, 2019, the United States Trustee conducted a meeting of creditors under 11 U.S.C. § 341 (the "Creditors' Meeting"). A true and correct copy of the Transcript ("Tr.") of Creditors' Meeting is attached herein as **Exhibit E.** At the Creditors' Meeting, the Debtor identified three of her properties as being completely vacant, with no effort to rehabilitate the properties or to find tenants:

   1. The 120th Street Property which she lists as having a value of $2,824,500 and no lien. Tr. at 48.
   2. The 119th Street Property with a value of $2,992,138 and no lien. Tr. at 13.
   3. The 126th Street Property with a value $1.4 million and a lien of over $5 million. Tr. at 15-16.

12. My review of the docket shows that the Debtor has not filed any operating reports in this case. The Debtor owes monthly operating reports for January 2019, February 2019 and March 2019.

13. My review of the docket shows that the Debtor did not file a response to the Motion to Vacate which was granted by order entered on March 19, 2019 (ECF Doc. 22).

14. The Debtor has not retained an accountant, although she stated that she would do so at the Creditors' Meeting. Tr. at 35.

15. The Debtor has not paid United States Trustee's quarterly fees for the first quarter of 2019. A true and correct copy of the United States Trustee's Quarterly Fees Statement is attached herein as **Exhibit F.**

16. On February 27, 2019, my colleague Victor Abriano sent an email to the Debtor, by counsel, summarizing United States Trustee requests for information. The Debtor has provided insurance, but has otherwise not responded to the requests which include tax returns and the disposition of certain funds in accounts that are not in authorized United States Trustee depositories (the "Abriano Email"). A true and correct copy of the Abriano Email is attached herein as **Exhibit G.**

I declare under penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
      April 12, 2019

                                              /s/ Greg M. Zipes
                                              GREG M. ZIPES