**PETROFF AMSHEN LLP**
1795 Coney Island Avenue
Suite 3
Brooklyn, New York 11230
(718) 336-4200
Steven Amshen, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x

In re:

GISELE BOUILLETTE ALLARD,

Debtor.

--------------------------------------------------------x

Chapter 7
Case No. 18-14092-MG

### AFFIRMATION OF STEVEN AMSHEN, ESQ. IN SUPPORT OF
### APPLICATION TO WITHDRAW AS ATTORNEY OF RECORD FOR THE DEBTOR

Steven Amshen, Esq., an attorney at law duly admitted to practice before the courts of the

State of New York and this Court, being duly sworn, hereby affirms under the penalty of perjury

that the following statements are true and correct:

1.      I am a partner in Petroff Amshen LLP, attorneys for the Debtor, Gisele Bouillette

Allard, (hereinafter, the "<u>Debtor</u>") in the above captioned Chapter 7 bankruptcy proceeding, that

was originally commenced under Chapter 11 of Title 11 U.S.C.

2.      I am familiar with the facts set forth herein on the basis of my personal knowledge

and review of the documents and records pertaining to this instant action.

3.      I am making this affirmation in support of the instant application for entry of an

Order pursuant to S.D.N.Y. LBR 2090-1(e) permitting Petroff Amshen LLP ("<u>Petroff Amshen</u>")

to withdraw as counsel of record for the Debtor.

### GENERAL BACKGROUND

4.      On December 18, 2018, Debtor requested that the undersigned represent her in

connection with a Chapter 11 bankruptcy proceeding. The undersigned agreed to represent the

Debtor under certain terms and conditions outlined in the Retainer for Chapter 11 Services executed by the Debtor.

5.      By signing the retainer agreement, the Debtor acknowledged, *inter alia*, that it is her responsibility to provide any information and documents requested by Petroff Amshen, this Court and the Office of the United States Trustee (the "OUST") in connection with the bankruptcy proceeding.

6.      On December 19, 2018 (the "Petition Date"), the undersigned filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on behalf of the Debtor. *See ECF Doc. No. 1.*

7.      On March 19, 2019, upon the motion of one of the Debtor's creditors, this Court entered an Order modifying the automatic stay to allow the current mortgagee's enforcement of its rights in, and remedies in and to, one of the Debtor's properties, located at 50 East 126th Street, New York, NY 10035, and completion of the pending foreclosure proceeding in the Supreme Court of New York, New York County. *See ECF Doc. No. 22.*

8.      On April 12, 2019, the OUST filed a motion to convert the Chapter 11 case to one under Chapter 7, or in the alternative, to dismiss the case due to Debtor's gross mismanagement of the estate and failure to demonstrate that she could be a fiduciary for her creditors in the case. *See ECF Doc. No. 24.*

9.      On April 26, 2019, Petroff Amshen filed a cross-motion to dismiss the Chapter 11 case. *See ECF Doc. No. 29.*

10.     On May 7, 2019, the OUST's motion to convert the case was granted and the Chapter 11 case was converted to a Chapter 7 one. *See ECF Doc. No. 32.*

## **FACTS IN SUPPORT OF APLLICATION**

11.     Since the execution of the retainer agreement, Petroff Amshen has faced significant difficulties with obtaining documents from the Debtor and getting the Debtor to comply with the OUST's requirements, which subsequently resulted into a delay in filing the required documents with the Court and providing the same to the OUST or not providing the requested documents at all, and subsequently caused conversion of the Chapter 11 case to one under Chapter 7.

12.     Specifically, on December 20, 2018, after the emergency voluntary petition for relief under Chapter 11 was filed, Petroff Amshen sent a detailed list of initial documents the Debtor was required to provide in connection with the Chapter 11 bankruptcy filing. Since the amount of documentation was voluminous and the overall understanding of the Chapter 11 process might be challenging for a layperson, shortly thereafter the undersigned asked the Debtor to come in for a meeting to discuss further steps and general case strategy. Said meeting, however, was canceled by the Debtor.

13.     On January 5, 2019, Petroff Amshen sent the Debtor detailed Chapter 11 directions, including instructions regarding closing of pre-petition bank accounts, opening a Debtor-in-Possession account in one of the authorized depositories, transferring of the funds into the new account, proper management of the rental properties, obtaining proper insurance for her properties and hiring a Chapter 11 accountant to prepare operating reports and Debtor's missing personal income tax returns.

14.     This office also reminded the Debtor of the necessity to provide the documents requested on December 20th and advised the Debtor that since most of her properties have tenants, she is required to have executed lease agreements with those tenants and make sure they fulfil their obligations under the agreements. The undersigned made it explicit that failure to comply with the

OUST's requests may result in conversion of the Chapter 11 case to one under Chapter 7, and that conversion would result in liquidation of Debtor's assets without her consent.

15. Although the Debtor provided Petroff Amshen with certain documents, the vast majority of the documentation requested by the OUST remained outstanding, despite this office's numerous follow-up e-mails and phone calls. Unfortunately, Debtor continued to ignore Petroff Amshen's advice to hire an accountant, comply with the OUST's demands and properly manage her estate.

16. Moreover, instead of following the undersigned's legal advice, the Debtor instead chose to consult with random people with no knowledge of the legal aspects of her matter, which apparently caused Debtor's refusal to comply with the demands.

17. Furthermore, Debtor, without consulting with the undersigned, filed an application in the state foreclosure proceeding, which precluded the undersigned from being able to adequately contest the claim amount.

18. After the initial debtor's interview held on February 27, 2019, the OUST requested certain additional documents and raised some concerns regarding the overall management of Debtor's assets. Said request was promptly forwarded to the Debtor for compliance.

19. Unfortunately, Debtor continued ignoring the document requests, and on March 15, 2019, Petroff Amshen filed a letter to this Court, advising of the lack of cooperation from the Debtor's side indicated and a strong probability of a complete and irretrievable breakdown in the attorney-client relationship which would not allow the undersigned to adequately represent the best interests of the Debtor and may cause filing of a motion to withdraw as counsel. *See ECF Doc. No. 21.*

20.     Nevertheless, since March 15, 2019, the situation has not improved as the Debtor continues to ignore the undersigned's advice and document requests.

21.     Unfortunately, the Debtor has seemingly been reluctant to provide the necessary documentation and disclosing all of her assets, which has precluded Petroff Amshen from adequately representing the best interests of the Debtor during the Chapter 11 proceeding.

22.     It has become quite clear that there is a complete and irretrievable breakdown in communication, which has caused substantial damage to the attorney-client relationship. The situation is beyond repair. Simply put, Petroff Amshen cannot adequately represent the best interests of a client who refuses to cooperate in any way.

23.     It is respectfully submitted that the foregoing constitutes sufficient cause for Petroff Amshen to be permitted to be withdrawn as Debtor's counsel in the instant bankruptcy proceeding and the Debtor should be given an opportunity to seek new counsel.

## RELIEF REQUESTED

24.     Petroff Amshen is seeking entry of an Order pursuant to S.D.N.Y. LBR 2090-1(e) granting leave to withdraw as counsel to the Debtor.

25.     Rule 2090-1(e) provides:

> Withdrawal as Attorney of Record. An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown.

26.     It is respectfully submitted that the facts set forth above demonstrate cause for an Order allowing Petroff Amshen LLP to withdraw as counsel to the Debtor and, therefore, the undersigned respectfully requests this Court to grant the instant Application.

## NO PRIOR REQUEST

27.     No prior application has been made by Petroff Amshen for the relief sought herein.

**WHEREFORE**, the undersigned respectfully requests this Court to enter an Order pursuant to S.D.N.Y. LBR 2090-1(e) permitting Petroff Amshen LLP to withdraw as counsel of record for the Debtor, Gisele Bouillette Allard, and granting such other and further relief this Court may deem just and proper.


Dated:  June 27, 2019
      Brooklyn, New York

                           **PETROFF AMSHEN LLP**
                 By:   */s/ Steven Amshen*
                           Steven Amshen, Esq.
                           1795 Coney Island Avenue
                           Suite 3
                           Brooklyn, New York 11230
                           (718) 336-4200