**OFFIT KURMAN, P.A.**
*Attorneys for Creditor*
*50 East 126th Street Realty LLC*
590 Madison Avenue, 6th Floor
New York, NY 10022
Albena Petrakov, Esq. (apetrakov@offitkurman.com)

Hearing Date and Time:
**June 7, 2021 at 10:00 am**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>GISELE BOUILLETTE ALLARD,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-14092 (MG) |

**STATEMENT IN SUPPORT OF TRUSTEE'S MOTION**
**PURSUANT TO 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY**
**PROCEDURE 9019(a) FOR AN ORDER APPROVING STIPULATION RESOLVING**
**TREATMENT OF CLAIM OF 50 EAST 126th STREET REALTY, LLC AND REPLY TO**
**OBJECTION TO THE PROOF OF CLAIM FILED BY**
**50 EAST 126TH STREET REALTY LLC**

**TO THE HONORABLE MARTIN GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

50 EAST 126TH STREET REALTY LLC, Creditor, by and through its attorneys, Offit Kurman, P.A., respectfully submits this statement in opposition to the Debtor's Objection filed on May 30, 2021 (ECF No. 173) ("Objection") and in further support to the Trustee's motion filed on May 13, 2021 for the entry of an Order approving the Stipulation between the Trustee and 50 East 126th Street Realty, LLC ("50 East 126th Street Realty" or the "Creditor"), resolving the treatment of 126 Realty's claim, and granting related relief (ECF No. 168) (the "Motion"). In support of its Statement, the 50 East 126 Street Realty states as follows:

## PRELIMINARY STATEMENT

1. In essence, this is yet another collateral attack on the final determinations made by Justice McMahon of the Supreme Court of the State of New York with the Judgment of Foreclosure and Sale, entered on September 28, 2018 (the "Judgment"). Both the Debtor's Objection to the Motion and the Objection to the Proof of Claim are premised on a novel albeit somewhat Machiavellian reading of the Judgment. After numerous unsuccessful attempts to vacate the Judgment and/or appeal the Judgment and subsequent denials of her motions to vacate, the Debtor's newly retained counsel has come to the conclusion that all this was just a mistake and in fact the Judgment meant to award to the mortgagee the amount of "Five Hundred Twenty Five Thousand Five Hundred Thirty Eight and Cents 91/100". However, the amount of $525,538.91 is nowhere to be found in the Judgment. A typographical error on page 2 of the Judgment, showing the awarded amount as "5,255,38.91" gives rise to this novel theory. As set forth below, the typographical error on which the Debtor relies for this wild recharacterization of the facts is just that – a typo – and that the correct judgment amount is and always was $5,255,638.91.

## BACKGROUND

2. The Debtor is simply not being forthright with the Court by claiming "that the four corners of the Judgment of Foreclosure and Sale evidences that the Judgment of Foreclosure and Sale is for only in "the sum of $5,255,38.91 [Five Hundred Twenty-Five Thousand Five Hundred Thirty-Eight and Cents 91/100]." See ¶3 of the Objection.

3. A complete review of the remainder of the Judgment shows that, consistent with the Motion for Judgment of Foreclosure and Sale calculating the judgment amount at $5,255,638.91, as of July 1, 2017, the actual judgment amount is the same $5,255,638.91, as of

July 1, 2017. This is made clear on page 5 of the Judgment (nowhere disclosed in Debtor's Objections), which provides for the following award:

> "3. The sum of $1428.00 to the plaintiff or its attorney, adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date of entry hereof together with an additional allowance of $ 300.00 hereinabove awarded to the plaintiff in addition to costs, with interest thereon from the date of entry hereof; plus the sum of $5,000.00 hereby awarded to the plaintiff as reasonable attorneys fees herein; ***and also the sum of $5,255,638.91, the amount reported due as aforesaid***, together with interest thereon from July 1, 2017, plus such advances as the plaintiff shall have made for mortgage insurance premiums, fire and other casualty insurance, and such other expenses incurred, including but not limited to repairs, maintenance, boarding and securing the premises, if any, for the protection of the said premises, or so much thereof as the purchase money of the mortgaged premises will pay the same."

(See Exhibit A to Proof of Claim, annexed as Exhibit 1 to Declaration of Umar Sheikh, emphasis supplied).

4. Even though the Debtor uses quotation marks in every paragraph, nowhere in the Judgment did the Supreme Court spell out "Five Hundred Twenty Five Thousand Five Hundred Thirty Eight and Cents 91/100." See Objection, ¶¶ 2, 3, 6, 11, 13. Contrary to Debtor's claims that 50 East 126 Street Realty's claim is "fabricated and based on materially false representations of the Creditor 50 EAST 126TH STREET REALTY LLC, and its agents, and attorneys to this Court in order to take advantage and commit wrongs and to perpetrate fraud on the Debtor and the Court," the Creditor is pursuing the amount awarded and supported by the state court record. A full history of the tortured litigation in what was supposed to be a straightforward foreclosure action is set forth in the Declaration of Umar A. Sheikh and illustrates how the awarded amount was calculated.

# ARGUMENT

5. The Objection to Claim 3 annexed as an exhibit to the Objection to the Trustee's Motion, which the Debtor asks the Court to consider as Supplemental Objection (See ¶7), has no merit.

6. The filing of a timely proof of claim constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). To rebut the prima facie validity of a claim, an objecting party must "produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case." *In re Residential Capital,* LLC, 501 B.R. 624, 641 (Bankr. S.D.N.Y. 2013). Only once the objector satisfies the burden of producing evidence sufficient to rebut the claimant's prima facie case does the burden "shift back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence." *Id.*

7. The Creditor timely filed Claim No. 3 which evidences the validity and amount of its claim. The Debtor has not produced any evidence rebutting the Creditor's facially valid claim. The conclusory allegation that the amount awarded was Five Hundred Twenty Five Thousand Five Hundred Thirty Eight and Cents 91/100 and not Five Million Two Hundred Fifty Five Thousand Six Hundred Thirty Eight and 91/100 Cents is not only insufficient to rebut the presumption but contrary to the evidence. In short, the Objection to Claim 3 is not sufficient to shift the burden back to the Creditor to further support its claim. *See In re Best Payphones, Inc.*, No. 01-15472, 2002 WL 31767796, at *9 (Bankr. S.D.N.Y. Dec. 11, 2002) ("His conclusory statement of objection is insufficient, however, to defeat the otherwise valid account stated claim.")

8. Pursuant to the Stipulation resolving the Claim, the Creditor has agreed to waive its rights to pursue a deficiency judgment and reserved only its rights to pursue completion of the foreclosure sale at the risk of facing Debtor's endless maneuvers to delay or prevent the foreclosure of a commercial mortgage. As this Court has emphasized throughout these proceedings, review of state court decisions is outside of the jurisdiction of a bankruptcy court.

9. The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Underlying the Rooker-Feldman doctrine is the principle expressed by Congress in 28 U.S.C. §1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany County Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

10. Rooker-Feldman applies to cases satisfying a four-part test: 1) the federal-court plaintiff lost in state court; 2) the plaintiff "must complain of injuries caused by a state-court judgment;" 3) the plaintiff "must invite district court review and rejection of that judgment;" and 4) "the state-court judgment must have been rendered before the district court proceeding commenced." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). This case meets all four requirements.

11. Accordingly, Debtor's grievances of any technical defects in connection with the auction and completion of the sale belong in the state court. In any event, as made clear by the New York State Supreme Court's decision, dated September 5, 2019, if the Debtor did not agree with the Judgment, then her remedy was to pursue an appeal from the Judgment of Foreclosure and Sale, which she did not do, "or to file a motion to reargue (which she did but was unsuccessful).

*See* Declaration of Umar A. Sheikh, ¶ 28. The Debtor cannot challenge the Judgment on the basis of alleged deficiencies in connection with the sale process that took place after the Judgment became final.

12. The history of the foreclosure litigation shows that the New York State Supreme Court has already given ample opportunity and broad latitude to Ms. Allard to make all her arguments, including her argument about the proper calculation of interest charges, and that the amount properly due and payable under the note and mortgage has been thoroughly and finally adjudicated at least a half-a-dozen different times. While everyone is entitled to a day in court, no one is entitled to obstruct and delay a simple foreclosure proceeding for a period of years with unfounded motion after unfounded motion, all seeking the same or similar relief on the same or similar grounds.

**WHEREFORE**, 50 East 126th Street Realty requests that the Court overrule the Debtor's Objections, grant the Trustee's Motion and approve the Stipulation, and grant such other and further relief as is just.

DATED: June 4, 2021
        New York, NY

**Respectfully submitted,**

**OFFIT KURMAN, P.A.**

By: _/s/ Albena Petrakov_
    Albena Petrakov, Esq.
    apetrakov@offitkurman.com
    Umar A. Sheikh, Esq.
    usheikh@offitkurman.com

*Attorneys for Creditor*
*50 East 126th Street Realty LLC*

590 Madison Avenue, 6th Floor
New York, NY 10022