**OFFIT KURMAN, P.A.**
*Attorneys for Creditor*
*50 East 126th Street Realty LLC*
590 Madison Avenue, 6th Floor
New York, NY 10022
Albena Petrakov, Esq. (apetrakov@offitkurman.com)

**Hearing Date and Time:**
**June 7, 2021at 10:00 am**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>GISELE BOUILLETTE ALLARD,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-14092 (MG) |

## DECLARATION OF UMAR A. SHEIKH

I, Umar A. Sheikh, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that:

1. I am a principal attorney with the firm of Offit Kurman, P.A. attorneys for 50 EAST 126TH STREET REALTY LLC, Creditor, and I am familiar with the facts set forth herein on the basis of my personal knowledge and review of documents in the possession of my firm. I respectfully submit this Declaration in opposition to the Debtor's Objection filed on May 30, 2021 (ECF. No. 173) ("Objection") and in further support to the Trustee's motion filed on May 13, 2021 for the entry of an Order approving the Stipulation between the Trustee and 50 East 126th Street Realty, LLC ("50 East 126th Street Realty" or the "Creditor"), (ECF No. 168) (the "Motion").

2. Annexed hereto as **Exhibit 1** is a true and correct copy the Proof of Claim filed in this bankruptcy proceeding on behalf of 50 East 126th Street Realty.

3. The foreclosure action in New York Supreme Court related to 50 East 126th Street Realty's claim was commenced more than 15 years ago in July, 2005, based on Debtor's

failure to pay pursuant to a note and mortgage signed by her on or about October 29, 1998 in respect of a multi-unit apartment building acquired by her for investment at 50 East 126th Street, New York, New York (the "Property").

4. Based on the records of the proceedings in state court, the Debtor appeared in the action from the start, and aggressively opposed the foreclosure by cross-motion seeking to have the note and mortgage discharged (see Allard affidavit dated December 22, 2005, a copy of which is annexed as **Exhibit 2**).

5. In 2006, the Supreme Court (Hon. Martin Schulman presiding) granted the motion for summary judgment of Creditor's predecessor-in-interest (the "Estate") and denied Debtor's cross-motion to discharge, except to the extent of disallowing the first eight months of payments due under the mortgage.

6. Upon motion of Debtor's counsel claiming that he never received notice of the hearing at which Referee Charles Boulbol first determined the amount due and owing under the note and mortgage, the Supreme Court (Hon. Martin Schulman presiding) issued an order granting Debtor's motion to reject Referee Boulbol's report and authorizing the appointment of a new referee.

7. Following appointment of a new referee (Tracee Davis, Esq.) on or about July 12, 2007, and conduct of a referee's hearing on or about January 28, 2008 at which Debtor duly participated through counsel, Referee Davis issued her report on or about July 31, 2009 (the "Referee's Report") concerning the amount due under the note and mortgage.

8. The Estate's counsel thereafter sought for a period of years to have Referee Davis amend the Referee's Report, which requests were vigorously challenged by Debtor's counsel on both procedural and substantive grounds (see correspondence annexed as **Exhibit 3**).

9. On or about March 22, 2018, the Estate's counsel filed a motion for judgment of foreclosure and sale (the "Motion for Judgment of Foreclosure and Sale") seeking to modify the Referee's Report, in part, confirm the Referee's Report, as so modified, and obtain entry of a judgment of foreclosure and sale (See Motion for Judgment of Foreclosure and Sale, a copy of which is annexed as **Exhibit 4** hereto).

10. The Motion for Judgment of Foreclosure and Sale (i) candidly explains that the Estate was seeking to fix the interest rate at the maximum 25 percent authorized by law (**Exhibit 4,** ¶4(B), at p.6), (ii) candidly further explains that the calculations provided are based upon such default rate "compounded annually" (**Exhibit 4**, ¶43, at p.19), (iii) contains a detailed explanation of the legal basis for application of the default rate, and the Estate's detailed calculation of the interest due under the note and mortgage pursuant to such default rate and the compounding of interest (**Exhibit 4**, ¶s 32-43, at pp.16 to 20), (iv) shows that, based on such calculations, the total amount awardable to Plaintiff's predecessor-in-interest is $5,255,638.91 (**Exhibit 4**, ¶43, at p.20), not the lower figure which Debtor falsely suggests that the state court meant to award, (v) attaches a copy of the Referee's Report with the different interest calculation (including simple interest) sought to be so modified (**Exhibit 4, at pp. 167 to 179**), and (vi) freely acknowledges that there is "a profound difference" between the original loan amount and the amount due under proposed Judgment of Foreclosure and Sale as a result of such calculations (**Exhibit 4**, at ¶44, at p.20).

11. Debtor's counsel filed opposition papers to the motion, as well as a cross-motion to dismiss based principally on the allegedly usurious nature of the note and mortgage.

12. Upon consideration of such motion and cross motion, and all of the prior proceedings had herein, the Supreme Court (Hon. Judith McMahon presiding) issued the detailed

Judgment of Foreclosure and Sale, a copy of which is annexed as supporting documentation for the Creditor's Proof of Claim. See **Exhibit 1**.

13. Counsel for the Estate served the Judgment of Foreclosure and Sale with Notice of Entry on October 9, 2018.

14. Debtor plainly received the Judgment of Foreclosure and Sale, including the $5,255,638.91 judgment amount, having moved by order to show cause on or about November 9, 2018 to vacate the Judgment of Foreclosure and Sale.

15. The Supreme Court (Hon. McMahon presiding) rejected Debtor's motion to vacate, noting by hand that "[t]his Order to Show Cause is denied after oral argument. This is a mortgage that goes back to 1998 and not one payment has been made since that date…" (**Exhibit 5, p.4**).

16. On or about November 15, 2018, Debtor served a Notice of Appeal from the Court's November 9, 2018 denial of the order to show cause to vacate the Judgment of Foreclosure and Sale.

17. Debtor never perfected any appeal from the Court's November 9, 2018 denial of the November 9, 2018 order to show cause, and also never perfected any appeal from, or even filed any notice of appeal in respect of, the underlying Judgment of Foreclosure and Sale as to which the November 9, 2018 order to show cause relates.

18. Debtor thereafter moved by order to show cause to stay the sale of the Property, which motion was denied by order dated December 18, 2018 (Hon. McMahon presiding) stating as follows:

"Defendant's OSC to stay the sale of investment property is denied. This is the third application for a TRO and there has never been a mortgage payment since 1998."

(**Exhibit 6, p.2**) (additional illegible language at end of order omitted).

19. Debtor then filed for bankruptcy protection on or about December 19, 2018 for the express purpose of trying "to avoid the foreclosure sale of the Property." See ECF No. 11, Affidavit of Gisele Bouillette Allard, sworn to January 4, 2019.

20. Debtor thereafter moved by order to show cause, dated on or about January 16, 2019, to renew and reargue the motion granting the Motion for Judgment of Foreclosure and Sale. In such motion Debtor renewed her argument that the interest calculation in the Judgment of Foreclosure and Sale allegedly calculates interest improperly.

21. On March 19, 2019, this Court issued an order lifting the automatic stay of this action. See ECF No. 22.

22. By order dated May 17, 2019, the Supreme Court (Hon. Arlene P. Bluth presiding) denied Debtor's motion to renew and reargue. A copy of such May 17, 2019 order with Notice of Entry and proof of service is annexed as **Exhibit 7**.

23. On the same day (May 17, 2019), this Court issued an order granting Plaintiff's motion to authorize the amendment of the caption to reflect the assignment of rights in this action from the Estate to Plaintiff, and confirming the then-current judgment amount of $5,255,638.91, as determined in the Judgment of Foreclosure and Sale, not the $525,538.91 which Debtor falsely claims that the state court meant to award. A copy of this second May 17, 2019 order with Notice of Entry and proof of service is annexed as **Exhibit 8**.

24. Debtor then filed a notice of appeal dated July 10, 2019 from the denial of her motion to renew and reargue and a notice of appeal dated July 8, 2019 from the order approving the amendment of the caption and confirming the $5,255,638.91 judgment amount. Neither appeal was ever perfected.

25. Following publication of the notice of sale in the New York Law Journal and notice of such fact to all parties in this action, Debtor made still another motion to vacate the Judgment of Foreclosure and Sale -- this time by Order to Show with request for temporary stay dated August 20, 2019.

26. The Supreme Court (Hon. Jennifer Schecter presiding) denied Debtor's request for a temporary restraining order, and the foreclosure sale finally went forward on August 21, 2019, a little over eleven months after entry of the Judgment of Foreclosure and Sale.

27. Defendant then made still another motion by order to show cause to modify the Judgment of Foreclosure and Sale, the Supreme Court (Hon. Arlene Bluth presiding) issued its September 5, 2019 decision and order declining to sign Debtor's proposed order to show cause, and also issued a further decision and order on the same day (**Exhibit 9**) denying the motion to vacate the Judgment of Foreclosure and Sale as to which Justice Schecter had already denied the temporary stay.

28. In its decision and order denying that motion to vacate the Judgment of Foreclosure and Sale, Hon. Arlene Bluth noted that if Ms. Allard did not agree with the Judgment of Foreclosure and Sale, then her remedy was to pursue an appeal from the Judgment of Foreclosure and Sale, which she did not do, "or to file a motion to reargue (which she did but was unsuccessful). Ms. Allard cannot seek to relitigate issues at this late stage of the litigation – in fact, the property was already sold at a foreclosure sale."

29. On or about September 11, 2019, Debtor nonetheless filed still another motion by order to show cause to modify the Judgment of Foreclosure and Sale, and the Supreme Court (Hon. Arlene Bluth presiding) issued a further order dated September 12, 2019 declining to sign such order to show cause.

30. On November 27, 2020, the Debtor moved in the Appellate Division for relief from the dismissal of the three unperfected appeals, based on all the same arguments as set forth in the motions to Supreme Court, and, upon reinstatement, to consolidate those appeals, and for an extension of time to perfect same. That motion was denied by the Appellate Division by order dated February 4, 2021.

31. The Debtor's baseless post-judgment motions and appeals have been an impediment to the Creditor's ability to secure the title insurance on the transfer of the deed to the property that is the subject of the foreclosure proceeding.

32. Upon the dismissal of the denial of the reinstatement of the appeals, the Creditor again sought such transfer, which was scheduled to take place on May 19, 2021.

33. On or about May 18, 2021, the Special Referee advised that she was not willing to proceed with transferring the deed to 50 East 126th Street Realty because the Debtor filed a new motion to set aside the sale.

I declare under penalty of perjury that to the best of my knowledge, information and belief, the foregoing is true and correct.

DATED: New York, New York
June 4, 2021

Umar A. Sheikh, Esq.