WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Attorney appearing: Leslie S. Barr (lbarr@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>GISELE BOUILLETTE ALLARD,<br>  *a/k/a* GISELE ALLARD,<br><br>                Debtor. | Chapter 7<br><br>Case No. 18-14092-mg |

**TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY**
**BY NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER**

**TO THE HONORABLE MARTIN GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson ("***Trustee***"), trustee for the chapter 7 estate of Gisele Bouillette Allard, a/k/a Gisele Allard ("***Debtor***"), by his attorneys, Windels Marx Lane & Mittendorf, LLP ("***Windels Marx***"), for his Response to the Motion dated June 8, 2021 of Nationstar Mortgage LLC d/b/a Mr. Cooper ("***Nationstar***") for relief from the automatic stay (Doc. 179) ("***Motion***"), respectfully states the following.

**I.       Background**

1.      On December 19, 2018, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

2.      On May 7, 2019, the Court entered an Order (Doc. 32) converting the Debtor's case from chapter 11 to a case under chapter 7 of the Bankruptcy Code. The Trustee was appointed interim trustee of the Debtor's estate, and thereafter qualified as the permanent trustee.

3.  As of her bankruptcy filing date, the Debtor asserted in her Schedule A/B ownership of improved real property located at 8201 Abbott Ave, Miami Beach, Miami-Dade County, Florida 33141 (the "***Miami Property***").  The Miami Property is comprised of four rental units, which generated income to the Debtor.

4.  In her Schedule D, the Debtor listed Mr. Cooper has holding a claim for $311,836.00 secured by the Miami Property.  The Debtor did not assert an exemption in the Miami Property.

5.  Nationstar asserts that as of the date of the Motion, it holds the Debtor's promissory note in the original principal amount of $372,800.00, which is secured by a mortgage recorded against the Miami Property.  Nationstar further asserts that the note and mortgage are in default since April 1, 2021, the total amount due is $308,982.23, and that the Miami Property has a valuation of $688,000.00.  In the Motion, Nationstar asserts as cause the lack of adequate protection, and seeks an order modifying the automatic stay to permit it to pursue its rights in the Miami Property.  Nationstar also requests recovery of reasonable attorneys' fees of $750.00 and costs of $188.00 incurred in connection with the Motion.

6.  On September 22, 2021, the Trustee filed and served a Notice of Abandonment of Property [Doc. 196] pursuant to 11 U.S.C. § 554, Bankruptcy Rule 6007(a), and Local Bankruptcy Rule 6007-1, for the abandonment to the Debtor of the Estate's interest in, inter alia, the Miami Property (the "***Abandonment***").  No objection to the Abandonment was filed or served, and accordingly, on October 14, 2021, the Abandonment became effective.  *See, Notice of Effectiveness of Trustee's Abandonment to Debtor of Certain Unadministered Real Properties and Personal Property* [Doc. 198].

## II. Trustee's Response

7. Bankruptcy Code § 362(c)(1) provides that the automatic stay of an act against property of the estate under section 362(a) continues until such property is no longer property of the estate. 11 U.S.C. § 362(c)(1). Here, the Abandonment under Bankruptcy Code § 554 means the Miami Property was no longer property of the Estate as of October 14, 2021. Since section 362(c)(1) is effective without any further order, Nationstar has the relief from the automatic stay it seeks in the Motion.

8. Nationstar seeks additional relief, however, in connection with the Motion, i.e., allowance of reasonable attorneys' fees and expenses. The Trustee has no objection to the entry of an order granting such relief (or relief from the automatic stay), <u>provided</u>, <u>however</u>, that such fees and costs are not recoverable from the Debtor or the Debtor's Estate.

**WHEREFORE**, the Trustee requests that the Court grant such relief as is just and proper in these circumstances.

Dated: New York, New York
October 25, 2021

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Trustee*

By: */s/ Leslie S. Barr*_____
Leslie S. Barr (lbarr@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215