UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:

**Gisele Bouillette Allard**

**aka Gisele Allard,**  Case No. 18-14092-mg

       Debtor (s)  Chapter 7

------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Upon the motion, filed June 8, 2021 (the "Motion," ECF Doc. # 179), Nationstar Mortgage LLC d/b/a Mr. (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in the property located at 8201 Abbott Avenue, Miami, Florida 33141-5225 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the debtor Gisele Bouillette Allard aka Gisele Allard (the "Debtor") not having filed an opposition to the Motion, and the Court having held a hearing on the Motion on November 10, 2021, and Steven Amshen appearing for Gisele Bouillette Allard aka Gisele Allard and Kathy McCullough Day of Robertson, Anschutz, Schneid, Crane & Partners, PLLC appearing for Creditor, and the Court having directed the Creditor to submit an Order; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby:

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property, including, without limitation, loss mitigation, foreclosure and eviction proceedings; and it is further

ORDERED that the Creditor shall promptly report and turn over to the Trustee any surplus monies realized upon sale of the Property; and it is further

ORDERED that this Order is binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code; and it is further

ORDERED, that unless specifically provided in loan documents signed by the debtor, the Movant may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer.

**IT IS SO ORDERED.**

Dated: April 29, 2022
      New York, New York

                                              **/s/ Martin Glenn**
                                              MARTIN GLENN
                                              Chief United States Bankruptcy Judge